## Appeal of PORT TOWNSEND & PUGET SOUND RAILWAY CO.

Docket No. 2554. Submitted May 27, 1925. Decided July 14, 1925.

On the evidence, *held* that taxpayer corporation and two other corporations are affiliated.

*Samuel F. Racine, C. P. A., C. L. Stone, C. P. A.,* and *Philip D. Macbride, Esq.,* for the taxpayer.
*John D. Foley, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from a deficiency of $1,784.25 income and profits taxes asserted for 1918 and alleges error by the Commissioner in denying affiliation to the taxpayer with the Erickson Construction Co. and the Erickson Investment Co.

### FINDINGS OF FACT.

The taxpayer is a Washington corporation with its principal office at Seattle. Prior to the year 1919 the Erickson Construction

Co. undertook the construction of a railroad on the Olympic peninsula. To meet its obligations with landowners who had contributed rights of way it was necessary that the railroad be completed to tidewater by a certain date. It became evident to the officers of the company that construction could not be completed within the time set. In 1914 C. J. Erickson, the president and principal stockholder of the Erickson Construction Co., leased the Port Townsend Southern Railroad, which was already operated to tidewater and transferred this lease to the taxpayer in exchange for all its capital stock.

During 1918 the stockholders of record of the three companies concerned in this appeal and their respective holdings were:

|  | Port Townsend & Puget Sound Ry. | Erickson Construction Co. | Erickson Investment Co. |
|---|---|---|---|
| C. J. Erickson | 1, 246 | 2, 200 | 2, 490 |
| C. E. Erickson | 1, 251 | 125 | 10 |
| George L. Erickson | | 25 | |
| Qualifying shares | 3 | | |
| Miscellaneous | | 150 | |
| Total shares | 2, 500 | 2, 500 | 2, 500 |

C. E. Erickson and George L. Erickson are sons of C. J. Erickson. C. J. Erickson was the recognized head of each of these corporations. C. E. Erickson had been associated with his father for some time prior to 1918 and was in immediate charge of the work of constructing the taxpayer's railroad.

At the time of the incorporation of taxpayer, all of its capital stock was issued to C. J. Erickson, except for four shares issued to qualify directors. In 1915, 1,250 shares were transferred to C. E. Erickson by his father. The father had obtained loans from local banks for use in his various enterprises to the full extent to which loans could be made by such banks to any one person. The stock of the taxpayer corporation was transferred to the son to permit the son to pledge it as collateral to his personal note. This was done immediately after the transfer and the money received from discounting such notes was used in the various business enterprises controlled by the father. It was understood and agreed between father and son that when the note should be paid the stock would be returned to the father. No control was ever exercised or claimed over the stock by the son.

The taxpayer used considerable equipment belonging to the Erickson Construction Co. without the payment of any rental therefor. During 1918 it was indebted to the Erickson Construction Co. in the sum of $122,817.03 on notes and $5,923.78 on open account. The total indebtedness of the taxpayer at the end of 1918 was $148,990.81.

An affiliated corporations' questionnaire prepared by an employee of the Erickson Construction Co. and filed by it with the Commissioner set out the stock ownership in the three companies incorrectly and it was upon the basis of such questionnaire that affiliation was denied.

### DECISION.

The taxpayer corporation was in 1918 affiliated with the Erickson Construction Co. and the Erickson Investment Co. Final determination of the amount of the deficiency, if any, will be settled on consent or on 15 days' notice, as provided by Rule 50.